61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Scott RAYMER, Defendant-Appellant.
 No. 95-6062.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have indicated they do not desire oral argument in this case, and after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. We therefore grant the request of the parties and order this matter be submitted without oral argument.
 
 
 2
 The sole issue presented here is whether the district court erred in holding premature appellant's motion for early release from supervision. We conclude because the motion is now ripe, there is no controversy and the issue is moot. We therefore dismiss the appeal.
 
 
 3
 Defendant, Samuel Scott Raymer, following conviction on a multi-count indictment, received a sentence requiring five years of imprisonment followed by six years of supervised release. Because of the date of the crimes, the sentence was not entered under the Sentencing Guidelines.
 
 
 4
 Prior to entry on supervised release, defendant was apparently paroled from prison on May 16, 1992. On May 16, 1994, he was released from parole to commence his term of supervised release. On December 5, 1994, six months after that term began, defendant moved for early release under 18 U.S.C. 3583(e)(1). The district court held the motion was premature because defendant had not served one year on supervised release as required by the statute. The court therefore "denied [the motion] without prejudice to its resubmission at an appropriate time." Defendant appeals from that holding.
 
 
 5
 Contending the district court improperly construed 3583(e)(1), defendant argues his motion was timely. He also asserts, as he did in the district court, the six-year period of supervised release exceeds the five-year maximum established by 18 U.S.C. 3583(b)(1). Because the district court found the motion for early termination premature, it did not rule on the latter issue.
 
 
 6
 Whether the district court had authority to rule on the motion for early release when submitted is not a viable issue because there is no longer a question about defendant's opportunity to seek relief. Mindful that the district court's only basis for decision was the timeliness of the motion, the one year has now passed, and defendant can re-file his motion,[2] we believe the issue appealed is moot. See Lane v. Williams, 455 U.S. 624, 630-32 (1982). Moreover, whether defendant has waived his right to contest the length of his supervisory release, as contended by the government, should be decided by the district court in the first instance.
 
 
 7
 APPEAL DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Indeed that action appears to have been invited by the district court